## Case No. 7,485.

### JONES v. OCEANIC STEAM NAV. CO.

[11 Blatchf. 406.] [1]

Circuit Court, S. D. New York. Dec. 12, 1873.

Edmund Coffin, Jr., for plaintiff.
Everett P. Wheeler, for defendant.

BLATCHFORD, District Judge. This suit was commenced in the supreme court of the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

state of New York, against the Oceanic Steam Navigation Company, Limited, (a corporation created under the laws of Great Britain,) and other persons, as defendants, to recover damages for the breach of a contract alleged to have been entered into by the defendants with the plaintiff [John Spencer Jones], whereby they agreed to transport him, and certain property of his, from Liverpool to New York. The corporation petitioned the state court for the removal of the suit into this court. The application was denied by the state court, whereupon the corporation entered in this court copies of the proceedings in the suit, and now moves for an order granting leave to it to put in, in this court, an answer to the complaint filed in the state court in the suit, claiming that the suit is removed into this court. The plaintiff opposes the motion by objecting to the jurisdiction of this court over the suit.

It is contended, for the corporation, that the suit is removed by virtue of the provisions of the 2d section of the act of congress of July 27, 1868 (15 Stat. 227). That section enacts as follows: "Any corporation, or any member thereof, other than a banking corporation, organized under a law of the United States, and against which a suit at law or in equity has been or may be commenced in any court other than a circuit or district court of the United States, for any liability or alleged liability of such corporation, or any member thereof as such member, may have such suit removed from the court in which it may be pending, to the proper circuit or district court of the United States, upon filing a petition therefor, verified by oath, either before or after issue joined, stating that they have a defence arising under or by virtue of the constitution of the United States, or any treaty or law of the United States, and offering good and sufficient surety for entering in such court, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as are required to be done by the act entitled 'An act for the removal of causes in certain cases from state courts,' approved July twenty-seventh, eighteen hundred and sixty-six" (14 Stat. 306); "and it shall be thereupon the duty of the court to accept the surety, and proceed no further in the suit, and, the said copies being entered as aforesaid in such court of the United States, the suit shall then proceed in the same manner as if it had been brought there by original process." The petition filed in the state court, for the removal of this suit, sets forth that the petitioner is a corporation, and has a defence to the action, arising under and by virtue of the act of congress, passed March 3d, 1851, entitled, "An act to limit the liability of shipowners and for other purposes" (9 Stat. 635).

It is insisted by the defendant, that, as it is not a banking corporation, and is not organized under a law of the United States,

its case is covered by the act; that, as the words, "organized under a law of the United States" follow the words "banking corporation," they limit the latter words, and do not limit the word "corporation" in the earlier part of the sentence; that, if the intention, in the sentence, had been, to limit or qualify the word "corporation" in the earlier part of the sentence, the sentence would have read, "any corporation organized under a law of the United States, other than a banking corporation," and would not have been made to read, as it does, "any corporation, other than a banking corporation, organized under a law of the United States;" that the language must be interpreted in its ordinary meaning; that it cannot be supposed that the act was passed solely for the benefit of the few corporations which have been chartered by congress and are not banking corporations; that the object of the act was to give to all corporations, by whatever authority organized (except national banks). the right to have a defence arising under a law of the United States tried in the federal courts; that the expression "organized under a law of the United States" is an accurate expression only in its application to national banks, because they are organized under a general law (Act June 3, 1864; 13 Stat. 99), and are spoken of throughout the statute as being "organized" thereunder (sections 6, 7, 32); that other corporations existing under acts of congress are created by special acts, and are spoken of therein as being "created" thereby, as the Union Pacific Railroad Company (Act July 1, 1862, § 1; 12 Stat. 489, 490), and the Northern Pacific Railroad Company (Act July 2, 1864, § 1; 13 Stat. 365, 366); that, if, as an historical fact, it be conceded that the act of July 27, 1868, was passed with an especial view to allow a suit which had then recently been brought in the supreme court of New York against the Union Pa ..ic Railroad Company, and certain members of it. to be removed into this court (Fisk v. Union Pac. R. Co. [Case No. 4,827]), the language of the act is broad enough to include the present case; that no reason can be assigned for allowing such railroad corporation, or any other railroad corporation created by congress. to remove into a federal court a suit in which such a defence exists as is specified in the act. which does not equally apply to a like suit against a foreign corporation. or against a corporation created by a law of a state; that the purpose of the act, as manifested on its face, is to secure to all corporations, except national banks, the right to have determined by a federal court a defence arising under the constitution. laws, or treaties of the United States; that the act looks to the subject-matter of the defence, when the defendant is a corporation and not a national bank; and that jurisdiction over any suit in which such a defence arises. can be conferred by congress on the federal courts, under the 1st subdivision of the 2d section of the 3d article of the constitution, which provides, that the judicial power of the United States shall extend to all cases, in law and equity, arising under the constitution, the laws of the United States. and treaties made, or which shall be made, under their authority. Cohens v. Virginia, 6 Wheat. [19 U. S.] 264, 379.

For the plaintiff, it is insisted, that the words, in the act of 1868, "against which a suit," &c., manifestly qualify the word "corporation," where it first occurs in the sentence, and do not qualify the words "banking corporation;" that those words "against which a suit," &c., are connected by the word "and," as a copulative, with the words "organized under a law of the United States," in such manner that it must necessarily follow, that, as the words "against which a suit," &c., qualify the word "corporation," where it first occurs in the sentence. the words "organized under a law of the United States" must qualify the same word "corporation," and cannot qualify the words "banking corporation;" that, in any other view, such word "and" is useless, and has no meaning; that the construction contended for by the defendant requires the sentence to be read thus—"any corporation, (other than a banking corporation organized under a law of the United States,) and against which a suit," &c.; that such reading makes the word "and" superfluous; that the construction contended for by the plaintiff makes the sentence read thus—"any corporation, (other than a banking corporation.) organized under a law of the United States. and against which a suit," &c.; that such reading gives a meaning to the word "and;" that it is not reasonable that foreign corporations, or corporations created by a state. should have a right to remove a suit to a federal court, which is not conferred on natural persons; that it is entirely reasonable that corporations created by the United States. or organized under the laws of the United States, (except such thereof as congress may except,) should enjoy the right to have federal laws interpreted by the federal courts; that good reasons can be assigned for discriminating between national banks and other corporations organized under a law of the United States; and that no good reason can be suggested for extending the right of removal, under the act of 1868, to a banking corporation organized under a law of a state, and expressly withholding such right from a national bank.

In response to the criticism by the plaintiff on the verbiage of the sentence, the defendant urges, that the words "any corporation" are qualified. first, by the words "other than a banking corporation. organized under a law of the United States." and, second. by the words "and against which." &c.; that there are thus two limitations on the expression "any corporation." such two limitations being connected by the word "and,"

and properly so connected, giving a meaning and effect to the word "and," the first limitation being, that the corporation must not be a national bank, and the second and additional limitation being, that a suit of a specified character must have been brought against it; and that the sentence, paraphrased, and supplying omitted words. reads thus—"any corporation, being other than a banking corporation organized under a law of the United States, and being a corporation against which a suit," &c.

I have stated at length the positions of the respective parties on the question of jurisdiction, in order that it may be seen that their respective views have been appreciated and considered. The point involved is a new one, and I am referred to no decision upon it. It is, also, an important one, as, if the construction given by the defendant to the statute is correct, it is not perceived why the provisions of the statute do not apply to corporations created by the states as well as to corporations created by foreign governments. After careful reflection I am constrained to the conclusion that the view taken by the plaintiff is the more correct one, and that this suit is not one of which this court has, or can have, jurisdiction, under the act of 1868. for the reason that the defendant corporation is not a corporation organized under a law of the United States. I have the less reluctance in adopting this view, because, if this court is in error in refusing jurisdiction in this case, the defendant has a ready and prompt remedy by an application to the supreme court for a mandamus, to direct it to take jurisdiction of the case, and proceed to adjudge it upon its merits. Ex parte Bradstreet, 7 Pet. [32 U. S.] 634; Ex parte Newman. 14 Wall. [81 U. S.] 165; Insurance Co. v. Comstock, 16 Wall. [83 U. S.] 258. and cases there cited. If, on the other hand, this court should now take jurisdiction of this case, and compel the plaintiff, in case of an adverse decision on the merits, to seek the judgment of the supreme court on the question of jurisdiction, (the amount claimed by the plaintiff being over $7,000,) the plaintiff might thus obtain a favorable decision on that point, only at the end of a long and expensive litigation. Doubtful questions of jurisdiction should, if possible, be authoritatively disposed of at the threshold of a controversy.

Assuming that the act of 1868 does apply to the present case, I am of opinion that the proceedings for the removal of the cause were regular. The objection is taken that the defendant did not enter in this court copies of the proceedings in the state court, until the 17th of October, 1873. and that it should have entered them on the 8th of October. 1873. The petition for removal was filed in the state court on the 11th of August, 1873. The next term of this court. after that time, for the transaction of civil business, began on the third Monday of October, 1873 (the 20th). as appointed by the act of August 8, 1846 (9 Stat. 72, § 1). By the act of February 7, 1873 (17 Stat. 422, § 1), an additional term of this court is appointed to be held on the second Wednesday of October, which day fell, in 1873, on the 8th. But that act provides that such term shall be devoted exclusively to the trial and disposal of criminal cases and matters. The first day of the term commencing on the 20th of October was, therefore, the first day of the session of this court, within the meaning of the statute, and on that day the papers in question were on file in this court.

The petition for removal states merely that the defendant has a defence to the action, arising under the act of March 3, 1851, giving its entitling, and prays for a removal of the suit into this court under the act of July 27, 1868, giving its entitling. It is objected that the petition does not set forth affirmatively facts from which the court can see that the defence is one arising under the act of 1851; and, also, that the act of 1851 cannot, under any circumstances, apply to a defence set up by this defendant in this suit, for the reason that that act has no application to a foreign ship-owner, and, especially, none to the liability of a foreign ship-owner to an alien (the plaintiff being an alien), on a contract made abroad, as the contract in this case was. The petition is sufficient, without stating what the defence is. The contest as to the actual existence and validity of the alleged defence, involving, also, the scope of the operation of the act of 1851, cannot be determined on an interlocutory motion. if the proceedings for removal have conformed to the statute. Such contest can be determined only on formal pleadings and proofs, in this court. Dennistoun v. Draper [Case No. 3,804]; Mayor v. Cooper, 6 Wall. [73 U. S.] 247. An order must be entered denying the defendant's motion, and stating that such denial proceeds solely on the ground that this court has no jurisdiction of the suit. and also dismissing the suit for want of jurisdiction.